UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEPLER LAURORE,

    Plaintiff,

vs.

FIRST NATIONAL COLLECTION BUREAU, INC.,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, Kepler Laurore ("Plaintiff"), by and through undersigned counsel, and brings this action against the Defendant, First National Collection Bureau, Inc. ("FNCB") and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for FNCB's violation of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3. Plaintiff alleges that FNCB has unlawfully called his cellular telephone in an attempt to collect an alleged debt from him in direct contravention of the aforesaid statute.

*FD-2297*

Consequently, Plaintiff seeks injunctive relief, as well as statutory damages and actual damages, in accordance with the aforementioned statute where applicable.

## JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

5. Venue in this District is proper because Plaintiff resides here and FNCB does business and places phone calls into this District.

## PARTIES

6. At all times relevant to this Complaint, FNCB was and is a Foreign Profit Corporation, with its principal place of business at 610 Waltham Way, McCarran, Nevada 89434.

7. At all times relevant to this Complaint, FNCB regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8. At all times relevant to this Complaint, FNCB has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

## BACKGROUND AND GENERAL ALLEGATIONS

9. FNCB sought to collect a debt from Plaintiff arising from an alleged debt (the "Debt") incurred by Plaintiff for personal, family, or household purposes.

10. Upon information and belief, FNCB, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to

*FD-2297*

Plaintiff's cellular telephone, (561) XXX-9188 and/or employed prerecorded or machine-operated voice message in connection with said calls.

11. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

12. Plaintiff is the sole owner, possessor, subscriber and user of the cellular telephone that FNCB was calling.

13. FNCB's calls originated from various numbers including but not limited to 786-453-1017.

14. FNCB called Plaintiff a multitude of times in a campaign designed to apply maximum psychological stress with the aim of pressuring him into paying the Debt. FNCB's calling campaign included multiple calls a day and/or calls on back-to-back days. A sampling of FNCB's campaign include, but are not limited to, calls placed on:

   a. May 9, 2014 at 11:43 a.m.

   b. May 28, 2014 at 12:57 p.m.

   c. June 11, 2014 at 2:56 p.m.

   d. July 14, 2014 at 12:47 p.m.

   e. October 29, 2014 at 5:06 p.m.

   f. October 29, 2014 at 5:37 p.m.

15. FNCB's placement of telephone calls to Plaintiff's cellular telephone were unsolicited and incessant.

16. Plaintiff was damaged by these unlawful calls. Plaintiff's privacy was improperly invaded, his peace was disturbed, he was distracted, his cellular telephone's battery and memory

were taxed, his cellular telephone line was tied-up, and he was forced to spend precious time and mental energy tending to unwanted calls.

17. None of FNCB's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18. Upon information and belief, FNCB knew that its calling techniques were in violation of the TCPA, yet FNCB still continued to use them in willful or knowing violation of the TCPA.

### COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii)

19. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 18 above.

20. FNCB placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

21. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone by using an automatic telephone dialing system or prerecorded message without that person's prior express consent.

22. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded

*FD-2297*

telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

24. FNCB's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

25. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on FNCB to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

26. FNCB, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

27. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No.

102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.  See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

28.     In sum, FNCB made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

29.     FNCB's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

30.     FNCB's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

31.     As a result of FNCB's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32.     Plaintiff is also entitled to injunctive relief prohibiting FNCB from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against First National Collection Bureau, Inc. for statutory damages of $1,500.00 for each and every violation,

an order be entered enjoining First National Collection Bureau, Inc. from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Kepler Laurore, hereby demands a trial by jury of all issues so triable.

> */s/ Anthony C. Norman*
> Anthony C. Norman, Esq.
> Florida Bar Number: 112105
> E-mail: anthony@fight13.com
> Secondary E-mail: traci@fight13.com
> LOAN LAWYERS, LLC
> *Attorneys for Plaintiff*
> 2150 S. Andrews Ave. 2nd Floor
> Ft. Lauderdale, Florida 33316
> Telephone: (954) 523-4357
> Facsimile: (954) 581-2786

*FD-2297*